# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-1101V
(not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * *
                                            *
ALICE HENNINGSEN,                           *      Chief Special Master Corcoran
                                            *
                Petitioner,                 *      Filed: April 3, 2023
        v.                                  *
                                            *
SECRETARY OF HEALTH                         *
AND HUMAN SERVICES,                         *
                                            *
                Respondent.                 *
                                            *
* * * * * * * * * * * * * * * * * * * * * * *
```

*Anne C. Toale*, Maglio, Christopher, and Toale, Sarasota, FL, for Petitioner.

*Meghan Murphy,* U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING IN PART MOTION FOR INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]

On March 23, 2021, Alice Henningsen filed a petition for compensation under the National Vaccine and Injury Compensation Program (the "Vaccine Program").[2] (ECF No. 1) ("Pet."). Petitioner alleges that she suffered transverse myelitis after receipt of an influenza vaccine on October 31, 2019. Pet. at 1, 3. The parties are currently in the process of obtaining and filing expert reports to substantiate their positions, and the best means of resolving the claim has yet to be determined.

---

[1] Because this Decision contains a reasoned explanation for my actions in this case, it must be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to Section 300aa of the Act (but will omit the statutory prefix).

Petitioner has now filed a motion for an interim award of attorney's fees and costs. Motion, dated February 13, 2023 (ECF No. 33). It is the first fees request in this case. Petitioner seeks a total of $141,258.41 in attorney's fees and costs ($124,200.00 in fees, plus $17,058.41 in costs) for the work of attorneys and paralegals of her prior counsel at Patterson Legal Group, LC, and consultations with Wilson Science Law—attorneys who either withdrew from the case in November 2022 or who never formally appeared in the matter. The Motion does not request an interim award of fees incurred by Petitioner's current counsel at Maglio, Christopher, and Toale (though it appears some of the litigation costs may have been incurred by present counsel).[3] ECF No. 33 at 1–4.

Respondent reacted to the fees request on March 2, 2023. *See* Response, March 2, 2023 (ECF No. 35). Respondent defers the calculation of the amount to be awarded to my discretion and has not otherwise taken a position on the appropriateness of an interim award. *Id.* at 3. Petitioner did not file a Reply.

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees for the work of her previous counsel in the total amount of **$121,035.00**. I defer resolution of the aspect of the motion seeking any costs associated with present counsel, or expert fees generally.


## ANALYSIS

### I.      Petitioner's Claim has Reasonable Basis

Although the Vaccine Act only guarantees a reasonable award of attorney's fees and costs to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or denied entirely. Cases that are unresolved and/or pending must also be evaluated for reasonable basis, because the claim's success remains to be determined.

---

[3] I would note that Petitioner's fee request inconsistently (and somewhat incoherently) requested several different award amounts and incorrect calculations of differing totals. In the future, Petitioner's counsel is recommended to *clearly* provide a total cost (differentiating attorney's fees and costs) upfront, so that the nature of the request is plainly spelled out.

A claim's reasonable basis[4] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[5]

Also, relevant herein are the standards governing interim awards—meaning fees awards issued while a case is still pending. *See generally Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6–9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Human Servs.,* No. 13-956V, 2015 WL 6181669, at *5–9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before fees or costs may be awarded. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health and Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

There is no presumption of entitlement to interim awards, but special masters may in their discretion permit such awards, and often do so. *Perreira v. Sec'y of Health & Human Servs.*, 27

---

[4] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

[5] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards governing fees. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16. However, there must be *some* showing that a petitioner's circumstances render an interim award just. Criteria that I have found to be important in determining whether an interim award should be permitted include: 1) whether the amount of fees requested exceeds $30,000; 2) where expert costs are requested, if the aggregate amount is more than $15,000; and/or 3) whether the case has been pending for more than 18 months. *See Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017).

This claim possesses sufficient reasonable basis for a fees award at this time. While the ultimate resolution of causation remains to be determined, Petitioner has put forward more than enough objective support for the claim for a favorable reasonable basis determination. And the claim that the flu vaccine can cause TM is common in the Program, and often results in successful determinations. In addition, the indicia I consider significant in interim award requests have been met. Although this matter is relatively "young," I do make an exception for circumstances where counsel has withdrawn from a matter.[6] And no other circumstances exist that make an interim award inappropriate.

## II.     Calculation of Fees

Determining the appropriate amount of fees to be awarded is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates. *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1,

---

[6] In the future, however, Petitioner's counsel is advised to file an interim fees request at the time of withdrawal—*not* several months later.

2015).

Petitioner requests the following rates for her previous and current attorneys, based on the years work was performed:

| | **2020** | **2021** | **2022** |
|---|---|---|---|
| **Gary Patterson (Patterson Legal Group, LC)** | $425.00 | $475.00 | $500.00 |
| **Paralegal (Patterson Legal Group, LC)** | $150.00 | $150.00 | $150.00 |
| **Amber Wilson (Wilson Science Law)** | $345.00 | $378.00 | $427.00 |

ECF No. 33 at 4–21.

Mr. Patterson was counsel of record for Petitioner before current counsel's appearance, but withdrew in November 2022. He practices in Wichita, Kansas—a jurisdiction that has been deemed "in forum." Accordingly, Mr. Patterson and his paralegals are entitled to the rates established in *McCulloch. See Zahringer v. Sec'y of Health & Hum. Servs.*, No. 15-1057V, 2017 WL 1435884, at *3 (Fed. Cl. Spec. Mstr. Mar. 30, 2017) (awarding a forum rate to petitioner's counsel who was also located in Kansas).

The next question involves the "fine tuning" of counsel's rate. Mr. Patterson has over 32 years of legal experience, and has been admitted to practice in federal courts in Kansas, Missouri, Oklahoma, and Illinois beginning in 1990. ECF No. 33 at 337. However, this case appears to have been his first in the Vaccine Program—meaning no prior hourly rate for his services has been determined. Mr. Patterson billed a median rate based on the Office of Special Masters' fee schedule,[7] but has requested disproportionate rate increases ($50.00 between 2020 and 2021 and $25.00 between 2021 and 2022). And I find counsel new to the Program should not generally receive the highest rate possible, regardless of their independent expertise in litigation.

---

[7] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Mar. 16, 2023).

I will thus adjust Mr. Patterson's hourly rate for 2021 and 2022 to $450.00 and $475.00, respectively. This results in a reduction of fees to be awarded by $3,165.00.[8] I otherwise deem the time devoted to the matter reasonable and no further reductions are needed.

Ms. Wilson was previously consulted by Mr. Patterson on proceeding as co-counsel in this case. ECF No. 33 at 20–21. She reviewed the medical records, updated the medical literature, and helped finalize a draft of the Petitioner for filing. *Id.* She has been recognized to practice in-forum, entitling her to rates commensurate with those established in *McCulloch*. *See M.M. v. Sec'y of Health & Hum. Servs.*, No. 17-68V, 2022 WL 1153475 (Fed. Cl. Spec. Mstr. Mar. 29, 2022). The requested rates are also consistent with what has previously been awarded for her work, in accordance with the Office of Special Masters' fee schedule.[9] *See M.D. v. Sec'y of Health & Hum. Servs.*, No. 10-611V, 2022 WL 3134356, at *2 (Fed. Cl. Spec. Mstr. July 11, 2022). I thus find no cause to reduce the rates in this instance. And I deem the time devoted to the matter reasonable. I will therefore award all of Ms. Wilson's fees requested without adjustment.

## III.   Deferral of Costs Award

Petitioner seeks $17,058.41 in outstanding costs, including medical literature and medical record retrieval costs, plus costs associated with the work of two experts—Jeffrey Bennet, M.D., Ph.D.; and Richard L. Bajakian, M.D. ECF No. 33 at 52–55. Although I am mindful of the financial burdens associated with expert retention, I deem it premature to award such costs at this point. Whether a particular expert's report is helpful to my determination, or reflects proper use of the expert's time, is the kind of assessment that I cannot make until I have decided the case fully. I will therefore defer resolution of this aspect of the current motion until my resolution of the underlying claim. At that point (and even if additional litigation is likely to require another fees and costs request), Petitioner may by notice renew this aspect of her interim request, and I will then resolve it.

---

[8] Mr. Patterson billed for 212.8 hours for a total of $101,465.00 during his work on the case. ECF No. 33 at 11. This amounted to 86.2 hours at a rate of $425.00 in 2020 totaling $38,790.00; 25 hours at a rate of $475.00 in 2021 totaling $11,875.00; and 101.6 hours at a rate of $500.00 in 2022 totaling $50,800.00. *Id.* at 6–7, 11. With the new rate, change the total for 2020 is $38,790.00, 2021 is $11,250.00, 2022 is $48,260.00. This brings Mr. Patterson's new total to $98,300.00.

[9] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Mar. 22, 2023).

**CONCLUSION**

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of an interim fees award, I **GRANT IN PART** Petitioner's Motion for an Interim Award of Attorney's Fees and Costs, awarding **$121,035.00** for fees (of Petitioner's prior counsel and consultations), in the form of a check made jointly payable to Petitioner and her attorney Ms. Anne C. Toale (for the purpose of paying attorney's fees to the Patterson Legal Group, LC and Wilson Science Law).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[10]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[10] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.